■ DANIEL MASTERS et al., Respondents, v 14-22 LEONARD STREET ASSOCIATES LLC, Appellant, et al., Defendant. [784 NYS2d 38]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 21, 2003, which granted reargument of defendant 14-22 Leonard Street Associates LLC's motion for summary judgment seeking, inter alia, to declare that plaintiffs had defaulted under the subject purchase agreement and adhered to its prior denial thereof, unanimously modified, on the law, defendant's motion granted to the extent that plaintiffs are declared to be in default under the purchase agreement without lawful excuse, and otherwise affirmed, without costs.

On May 18, 2000, defendant sponsor 14-22 Leonard Street Associates LLC (Associates) filed an offering plan with the Attorney General to convert five adjoining 19th century brick buildings into a single residential condominium building containing 31 units. This plan provided that the offer to sell was contingent upon the plan being declared effective within 24 months from the date of presentation.

On September 14, 2000, Associates entered into a purchase agreement with plaintiffs for a particular unit at the subject premises. Paragraph 6 of this purchase agreement provided, inter alia, that the parties' respective obligations were contingent upon the offering plan being declared effective. Plaintiffs allege that they entered into the agreement based upon verbal representations by Associates' broker that their unit would be ready for occupancy by the end of January 2001. On March 27, 2001, plaintiffs' counsel allegedly provided Associates with verbal notice that plaintiffs intended to rescind the agreement and sought the return of their down payment. Defendant Michael Steinberg, a member of Associates, purportedly informed plaintiffs' counsel that the plan would be declared effective as of March 27, 2001. Based upon Steinberg's representation, plaintiffs allegedly refrained from exercising their right to cancel the agreement before the plan was declared effective. Two days later, however, Associates declared the plan effective by "Notice of Effectiveness" dated March 29, 2001.

By letter dated April 25, 2001, Associates notified plaintiffs that the closing for their unit was scheduled for May 25, 2001. By letter dated May 22, 2001, plaintiffs exercised their contractual right to adjourn the closing for 15 days and the closing was rescheduled for June 11, 2001. On that date, plaintiffs did not appear and, on June 27, 2001, Associates notified plaintiffs of its election to cancel the contract and to retain the down payment as liquidated damages.

Subsequently, defendants moved, inter alia, for summary judgment on the ground that no triable issues of fact exist as to plaintiffs' default under the agreement. Plaintiffs cross-moved for summary judgment, seeking, inter alia, a declaration that defendants had fraudulently induced them not to exercise their right to cancel prior to the date the plan was declared effective. The motion court denied the requested summary relief, finding that the purchase agreement was ambiguous as to whether plaintiffs had the right to cancel unilaterally before the plan was declared effective. We modify solely to declare plaintiffs had no such right to cancel, and thus, defaulted under the purchase agreement without lawful excuse.

It is well settled that a written agreement which is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470 [2004]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Further, a court may not, under the guise of interpreting a contract, add or omit terms or distort the meaning of those used to fashion a new

contract on behalf of the parties (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]).

By its express language, paragraph 6 of the purchase agreement creates a condition precedent, making the parties' obligation to perform contingent upon the plan being declared effective. This paragraph unambiguously provides that in the event the plan was not declared effective within the required time period of 24 months, the plan would be deemed abandoned, the purchase agreement deemed canceled and the purchasers would be entitled to a return of their down payment. Nowhere in this clause is there any language indicating that plaintiffs possessed a right to cancel at any time before the aforesaid condition was fulfilled. Inasmuch as plaintiffs had no right to rescind the subject purchase agreement under the present circumstances, defendant's alleged misrepresentation as to the effective date is immaterial.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Lerner, JJ.